UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-01691

| | |
|---|---|
| FRED NEKOUEE, individually, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| BJRB HOLDINGS, LLC, a Utah limited liability company; | : |
| | : |
| BURGERSROCK3, LLC, a Colorado limited liability company; and | : |
| | : |
| CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, a Colorado limited liability company; | : |
| | : |
| Defendants. | : |
| _____/ | |

## COMPLAINT
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendants, BJRB HOLDINGS, LLC, a Utah limited liability company; BurgersRock3, LLC, a Colorado limited liability company; and CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, a Colorado limited liability company; (sometimes referred to as "Defendants"); for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Plaintiff, Fred Nekouee, is an individual who resides in Lutz, Florida, in the County of Hillsborough.

2.      Defendant BJRB Holdings, LLC owns the property at and near 1708 Main Street, Longmont, Colorado 80501, in Boulder County ("Property").

3.      Defendant BurgersRock3, LLC's fast food restaurant, Five Guys, is located at the Property ("Five Guys").

4.      Defendant Chipotle Mexican Grill of Colorado, LLC's fast food restaurant, Chipotle, is located at the Property ("Chipotle").

5.      Venue is proper in the District of Colorado because venue lies in the judicial district of the situs of the property.  The Defendants' Property and restaurants are located in and do business within this judicial district.

6.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

7.      Defendants each own, lease, lease to, or operate a place of public accommodation as defined by the ADA, 42 U.S.C. § 12181(7)(B) and (E), and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

8.      The Property is a place of public accommodation.

9.      Five Guys is a place of public accommodation.

10.     Chipotle is a place of public accommodation.

11.     Defendants are responsible for complying with the obligations of the ADA.

12.     Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.

13.      Mr. Nekouee travels to the Longmont-Firestone area every three to six months to

accompany his brother at heavy equipment auctions and to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment, or to vacation.

14.     Fred Nekouee has visited the Property which forms the basis of this lawsuit on August 3, 2018; September 30, 2018; and on May 8, 2019; and he bought food and sought to avail himself of the goods and services at Property on such dates.

15.     Fred Nekouee visited and bought food at Five Guys on September 30, 2018.

16.     Fred Nekouee visited and bought food at Chipotle on August 3, 2018 and May 8, 2019.

17.      Fred Nekouee attended a heavy equipment auction in the Longmont area on October 3, 2018 and again on May 8, 2019.

18.      Fred Nekouee visited Rocky Mountain National Park on October 2, 2018.

19.     Fred Nekouee once again visited the Longmont, Colorado area from February 3-7, 2019.

20.     Fred Nekouee plans to return to the property to avail himself of the goods and services offered to the public at Property.

21.     The Plaintiff has definite plans to return to the area and to Property, and to Five Guys and Chipotle in late September or early October 2019.

22.     The Property, Five Guys and Chipotle are close to the hotels he stays at in the area and are close to the heavy equipment auction and dealerships he visits.

23.     The Plaintiff likes the food at Five Guys and Chipotle at the Property.

24.     The Plaintiff plans to return Five Guys and Chipotle to eat.

25.     For the reasons set forth in paragraphs 13-24 and 38, Fred Nekouee plans to return

to Property, and its restaurants.

26.    The Plaintiff has encountered architectural barriers at the subject property.

27.    The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, and have impaired his use of the restrooms there.

28.    The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not nearly flat.

29.    The Plaintiff cannot move up steep inclines or down steep slopes in his wheelchair because he lacks the strength and also risks tipping his wheelchair backwards or forwards.

30.    Excessively steep cross slopes cause the Plaintiff to be unstable in his wheelchair and such excessively steep slopes pose a risk of causing the Plaintiff to tip over sideways in his wheelchair.

31.    On his visit to Property, the Plaintiff encountered excessively steep slopes in its parking lot.

32.    The running slope of the walking surface in front of Five Guys on the accessible route near the ramp at the corner of the building is steeper than 1:20 (5%).

33.    The cross slope of the walking surface in front of Chipotle is steeper than 1:48 (2%).

34.    The Plaintiff encountered and observed barriers to access in the men's restroom in Chipotle; and so, he also tried to use the women's restroom in Chipotle, in which women's restroom he also encountered and observed barriers to access.

35.    The Plaintiff encountered and observed barriers to access in the men's restroom in Five Guys.

36.    The Plaintiff is deterred from visiting the Property even though he enjoys its

goods, because of the difficulties he will experience there until the property is made accessible to him in a wheelchair.

37.     Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 43 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

38.     Fred Nekouee desires to visit the Property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

39.     The Defendants have discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

40.     The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

41.     The physical conditions exist at the Property that are set forth in romanette "(i)" in each lettered subparagraph of paragraph 43 below

42.     Preliminary inspections of Property, Save a Lot, and Goodwill at the Property show that violations of the ADA exist as set forth in paragraph 43 below.

43.     The violations of the ADA that Fred Nekouee personally encountered or observed

include, but are not limited to:

**PARKING**

a.   (i) The running slope of the walking surface in front of Five Guys on the accessible route near the ramp at the corner of the building is steeper than 1:20 (5%).   (ii) The running slope of this walking surface is steeper than the maximum allowed slope of 1:20 (5%), in violation of Federal Law 2010, ADAAG § 403.3.   (iii) While moving in his wheelchair, the Plaintiff encountered this steep slope of this walking surface, and it made his wheelchair unstable.   (iv) The action required to reduce the slope of this walking surface is easily accomplishable and able to be carried out without much difficulty or expense.

b.   (i) The running slope of the walking surface in front of Chipotle on the accessible route to the ramp near the entrance is steeper than 1:20 (5%).   (ii) The running slope of this walking surface is steeper than the maximum allowed slope of 1:20 (5%), in violation of Federal Law 2010, ADAAG § 403.3.   (iii) While moving in his wheelchair, the Plaintiff encountered this steep slope of this walking surface, and it made his wheelchair unstable. (iv) The action required to reduce the slope of this walking surface is easily accomplishable and able to be carried out without much difficulty or expense.

c.   (i) The cross slope of the walking surface in front of Chipotle is steeper than 1:48 (2%).   (ii) The cross slope of this walking surface is steeper than 1:48 (2%), in violation of Federal Law 2010, ADAAG § 403.3.   (ii) Due to its steep cross slope, the Plaintiff's wheelchair was made unstable while he moved in his wheelchair along this walkway to the entrance to Chipotle.   (iv) The action required to reduce the cross slope of this walkway is easily accomplishable and able to be carried out without much difficulty or expense.

d.   (i) The accessibility ramp in front of Chipotle does not have a landing at the top

of the ramp run.   (ii) This accessibility ramp does not have a top landing, in violation of Federal Law 2010, ADAAG § 405.7.   (iii) The Plaintiff encountered this compound cross slope created by not having a landing at the top of the ramp, and it made his wheelchair unstable.   (iv) The action required to construct a top landing to this ramp is easily accomplishable and able to be carried out without much difficulty or expense.

e.   (i) The outdoor chairs on the east and south sides of Five Guys are placed so that there is less than 36 inches of walking surface between them and the curb.   (ii) These narrow walking surfaces are in violation of Federal Law 2010, ADAAG § 403.5.1.   (iii) The Plaintiff was blocked by chairs from moving in his wheelchair along the outdoor furniture on the east side of Five Guys and observed the furniture on the south side of Five Guys.   (iv) The actions required to move the furniture and to put in place a written policy to maintain a walking surface between the furniture and the curb of at least 36 inches are easily accomplishable and able to be carried out without much difficulty or expense.

**CHIPOTLE ENTRANCE DOOR**

f.   (i) The force needed to the open the entrance door to the Chipotle is more than 5 pounds.   (ii) The force needed to open this door is about 12 pounds and greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9. (iii) Due to the force necessary to open this door, the Plaintiff required assistance to open this door and to enter Chipotle.   (iv) The action required to reduce the force necessary to fully open this door is easily accomplishable and able to be carried out without much difficulty or expense.

**CHIPOTLE INTERIOR**

g.   (i) In Chipotle, the cup lids are higher than 44 inches above the floor.   (ii) These cup lids are higher than the maximum height of 44 inches above the finish floor when the reach depth is more than 20 inches, in violation of Federal Law 2010, ADAAG § 308.2.2. (iii) The Plaintiff tried but could not reach these cup lids from his wheelchair.   (iv) The action required to relocate these cup lids is easily accomplishable and able to be carried out without much difficulty or expense.

h.   (i) In Chipotle, the water dispenser lever on the beverage machine is higher than 48 inches above the floor.   (ii) This water dispenser lever is higher than 48 inches above the finish floor when the reach depth is less than 20 inches, in violation of Federal Law 2010, ADAAG § 308.2.2.   (iii) The Plaintiff tried but could not reach this water dispenser lever from his wheelchair.   (iv) The action required to relocate this beverage machine or the water dispenser lever is easily accomplishable and able to be carried out without much difficulty or expense.

**MEN'S RESTROOM IN CHIPOTLE**

i.   (i) The force needed to the open the entrance door to the men's restroom in Chipotle is more than 5 pounds.   (ii) The force needed to open this door is about 10 pounds and greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   (iii) Due to the force necessary to open this door, the Plaintiff required assistance to open this door and to enter the men's restroom in Chipotle.   (iv) The action required to reduce the force necessary to fully open this door is easily accomplishable and able to be carried out without much difficulty or expense.

j.   (i) In the men's restroom in Chipotle, the toilet does not have the flush control mounted on the open and wide side of the clear floor space.   (ii) This toilet does not have the flush control mounted on the open and wide side of the clear floor space, in violation of Federal Law 2010, ADAAG § 604.6.   (iii) Due to the location of the flush control, once he transferred from the toilet back to his wheelchair, the Plaintiff could not reach this flush control from his wheelchair.   (iv) The action required to relocate this flush control is easily accomplishable and able to be carried out without much difficulty or expense.

k.   (i) The coat hook in the men's restroom in Chipotle is higher than 48 inches above the floor.   (ii) This coat hook is about 58 inches above the finish floor and higher than 48 inches above the finish floor, outside of the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG § 603.4.   (iii) The Plaintiff observed the height of this coat hook above the floor, and it deters him from visiting Chipotle.   (iv) The action required to relocate this coat hook is easily accomplishable and able to be carried out without much difficulty or expense.

l.   (i) In the men's restroom in Chipotle, the bottom edge of the mirror's reflecting surface is higher than 40 inches above the floor.   (ii) The bottom edge of this mirror's reflecting surface is higher than 40 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 603.3.   (iii) Due to the height of this mirror's reflecting surface above the floor, the Plaintiff had difficulty seeing his full face in this mirror.   (iv) The action required to relocate this mirror is easily accomplishable and able to be carried out without much difficulty or expense.

**WOMEN'S RESTROOM IN CHIPOTLE**

m.   (i) The force needed to open the entrance door to the women's restroom in

Chipotle is more than 5 pounds.   (ii) The force needed to open this door is about 11 pounds and greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   (iii) Due to the force necessary to open this door, the Plaintiff required assistance to open this door and to enter the women's restroom in Chipotle.   (iv) The action required to reduce the force necessary to fully open this door is easily accomplishable and able to be carried out without much difficulty or expense.

n.   (i) The coat hook in the women's restroom in Chipotle is higher than 48 inches above the floor.   (ii) This coat hook is about 58 inches above the finish floor and higher than 48 inches above the finish floor, outside of the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG § 603.4.   (iii) The Plaintiff observed the height of this coat hook above the floor, and it deters him from visiting Chipotle.   (iv) The action required to relocate this coat hook is easily accomplishable and able to be carried out without much difficulty or expense.

o.   (i) In the women's restroom in Chipotle, the bottom edge of the mirror's reflecting surface is higher than 40 inches above the floor.   (ii) The bottom edge of this mirror's reflecting surface is higher than 40 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 603.3.   (iii) Due to the height of this mirror's reflecting surface above the floor, the Plaintiff had difficulty seeing his full face in this mirror.   (iv) The action required to relocate this mirror is easily accomplishable and able to be carried out without much difficulty or expense.

**ENTRANCE DOOR TO FIVE GUYS**

p.   (i) The force needed to the open the entrance door to Five Guys is more than 5

pounds.   (ii) The force needed to open this door is about 8 pounds and greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9. (iii) Due to the force necessary to open this door, the Plaintiff had difficulty opening this door to enter Five Guys.   (iv) The action required to reduce the force necessary to fully open this door is easily accomplishable and able to be carried out without much difficulty or expense.

**INTERIOR OF FIVE GUYS**

q.   (i) In Five Guys, a portion of the service counter surface that is at least 36 inches long and no more than 36 inches high above the floor is not provided.   (ii) A portion of this service counter surface that is a minimum of 36 inches long and 36 inches high maximum above the finish floor is not provided, in violation of Federal Law 2010, ADAAG § 904.4.1.   (iii) Due to the height of the service counter surface above the floor, the Plaintiff had difficulty accessing and handling service items on this counter.   (iv) The action required to reduce the height of a portion of this service counter is easily accomplishable and able to be carried out without much difficulty or expense.

r.   (i) In Five Guys, the containers for ketchup, the lever on the ketchup dispenser, and the cup lids on the condiment service counter, are all higher than 48 inches above the floor.   (ii) These items are all higher than 48 inches above the finish floor here the reach depth is less than 20 inches and outside of the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG § 308.2.2.   (iii) Due to their height above the floor, from his wheelchair, the Plaintiff could not reach these items.   (iv) The action required to relocate these items is easily accomplishable and able to be carried out without

much difficulty or expense.

**MEN'S RESTROOM IN FIVE GUYS**

s.    (i) The force needed to the open the entrance door to the men's restroom in Five Guys is more than 5 pounds.   (ii) The force needed to open this door is about 7 pounds and greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   (iii) Due to the force necessary to open this door, the Plaintiff had difficulty entering the men's restroom.   (iv) The action required to adjust the closer on this door is easily accomplishable and able to be carried out without much difficulty or expense.

t.    (i) The elapsed time for the door to the men's restroom in Five Guys to close from an open position of 90 degrees to 12 degrees from the latch is less than 5 seconds.   (ii) The time required to move this door from an open position of 90 degrees to a position of 12 degrees from the latch is less than 5 seconds, in violation of Federal Law 2010, ADAAG § 404.2.8.1.   (iii) The Plaintiff used this door, and due to its short closing time, his wheelchair got hit by the closing door, and he required assistance to enter the men's restroom in Five Guys.   (iv) The action required to adjust the door closer is easily accomplishable and able to be carried out without much difficulty or expense.

u.    (i) In the men's restroom in Five Guys, the centerline of the toilet paper dispenser is not between 7 and 9 inches from the front of the toilet.   (ii) The centerline of this toilet paper dispenser is not between 7 and 9 inches from the front of the water closet or toilet, in violation of Federal Law 2010, ADAAG § 604.7.   (iii) Due to the location of this toilet paper dispenser, the Plaintiff had difficulty reaching toilet paper from a normal sitting

position on the toilet.   (iv) The action required to relocate this toilet paper dispenser is easily accomplishable and able to be carried out without much difficulty or expense.

44.     All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

45.     The discriminatory violations described in paragraph 43 are not an exclusive list of the Defendants' ADA violations.   Plaintiff requires the inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

46.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' building and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.   The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

47.     Defendants have discriminated against the individual by denying individuals access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.

48.     Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or

procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

49.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

50.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

51.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities are ones which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

52.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees

and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

53.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require the Defendants to alter the Property, Five Guys, Chipotle, and the parking lot, access aisles and walkways to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42

U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

d.      Such other relief as the Court deems just and proper, and/or is allowable

under Title III of the Americans with Disabilities Act.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff, Fred Nekouee, by and through his undersigned counsel, hereby designates

Denver, Colorado as the place of trial for this action.

Respectfully submitted,

s/Robert J. Vincze_____
Robert J. Vincze (CO #28399)
Law Offices of Robert J. Vincze
PO Box 792; Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net

*Attorney for Plaintiff Fred Nekouee*